No. 24-10397-GG
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

FU JING WU A/K/A LEO WU,

*Defendant / Petitioner / Appellant*,

vs.

CHUN LIU,

*Plaintiff / Respondent / Appellee*.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DISTRICT COURT CASE NO. 1:23-21541-CV-KAW
_____

APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S
MOTION FOR STAY PENDING APPEAL
_____

| | |
|---|---|
| READ LAW PLLC | BARRY S. TURNER P.A. |
| 25 SE Second Ave, Suite 828 | P.O. Box 330189 |
| Miami, Florida 33131 | Miami, Florida 33233 |
| Phone: (305) 209-2131 | Phone: (305) 699-4392 |
| E-mail: asr@alexisreadlaw.com | E-mail: bt@bstpa.com |

PHANG & FELDMAN, P.A.
1125 NE 125th Street, Suite 303
North Miami, Florida 33161
Phone: (305) 614-1223
E-mail: feldman@katiephang.com

*Attorneys for Plaintiff/Appellee, Chun Liu*

# APPELLEE'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed.R.App.P. 26.1 and Eleventh Cir. R. 26.1-1, 26.1-2, and 26.1-3, counsel for Plaintiff/Appellee, Chun Liu, individually and behalf of those similarly situated, hereby discloses and certifies the following list of known persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including all subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party in this case:

Parties:

- Lam, Wai Kin Benny – *Defendant*
- Liu, Chun – *Plaintiff-Respondent-Appellee*
- Wu, Fu Jin a/k/a Leo Wu – *Defendant-Petitioner-Appellant*
- Plaintiff's proposed class of "all persons who own and hold a membership interest in Florida Immigration Building Funding, LLC"

Attorneys:

- Barakat + Bossa, PLLC – *Counsel for Defendant-Petitioner-Appellant*
- Barakat, Brian – *Counsel for Defendant -Petitioner-Appellant*
- Barry S. Turner, P.A. – *Counsel for Plaintiff-Respondent-Appellee*
- Feldman, Jonathan S. – *Counsel for Plaintiff-Respondent-Appellee*
- Macelloni, Jocelyne Anne – *Counsel for Defendant-Petitioner-Appellant*

- Phang & Feldman, P.A. – *Counsel for Plaintiff-Respondent-Appellee*

- Read, Alexis S. – *Counsel for Plaintiff-Respondent-Appellee*

- Read Law PLLC – *Counsel for Plaintiff-Respondent-Appellee*

- Turner, Barry S. – *Counsel for Plaintiff-Respondent-Appellee*

<u>Trial Judges</u>:

- Rebull, Thomas J., Circuit Civil Judge, Eleventh Judicial Circuit in and for Miami-Dade County, Florida

- Reid, Lisette Marie, Magistrate Judge, United States District Court for the Southern District of Florida

- Williams, Kathleen M., District Court Judge, United States District Court for the Southern District of Florida

**Corporate Disclosure Statement**:

Appellee, Chun Liu is a natural person and has not initiated this action under a corporate capacity. As such, Appellee has no responsive corporate information to disclose.

Dated: July 15, 2024

READ LAW PLLC
25 SE 2nd Ave, Ste 828
Miami, FL 33131
P: (305) 209-2131
E: asr@alexisreadlaw.com

By: /s/ *Alexis S. Read*
  Alexis S. Read, Esq.
  Fla. Bar No. 98084

Plaintiff/Appellee, CHUN LIU ("Mr. Liu"), individually and on behalf of all others similarly situated ("Class") (collectively, "Appellee"), by and through undersigned counsel, and pursuant to Fed.R.App.P. 8 and 11th Cir. Rule 8, files its response in opposition to Appellant, FU JING WU a/k/a Leo Wu's ("Appellant" or "Wu") Motion for Stay Pending Appeal ("Motion for Stay") (Doc 34-1), and states:

## RELEVANT PROCEDURAL BACKGROUND[1]

### A. Procedural Background in the State and Federal Courts

1. Appellee brought the underlying state court class action against Wu and Lam on March 16, 2023, together with a motion for asset freeze under Florida Statute § 895.05(6) ("Motion for Asset Freeze") (Doc 30-1 at 16)[2] to restrain a $5 million dollar payout to Wu under a settlement agreement between Wu and the Receiver in the related Receivership Action over FIBF. (Doc 30-1 at 65). After Wu acknowledged[3] that no sums would be distributed to him until both the Triton Center Project and Trailer Park Property were sold and a plan of distribution filed and approved by the state court,[4] the Motion for Asset Freeze was denied without prejudice on March 30, 2023. [D.E. 8-50].

---

[1] References to the record will be made as follows: "[document number]-[appendix volume number] at [page number]" and in accordance with 11th Cir. R. 28-5. Appellee incorporates all definitions of capitalized terms in its Answer Brief. (Doc 29).
[2] Doc 30-1 at 15.
[3] D.E. 18-1 at pp.16.
[4] D.E. 8-31 at p.20; D.E. 18-1 at pp.16, 20-22.

1

2. Still facing a potential loss of the settlement payout, on April 13, 2023, Wu filed a Motion to Compel Arbitration and to Stay this Litigation, and Incorporated Memorandum of Law in Support ("Motion for Arbitration") (Doc 25-2 at 161), relying on an arbitration clause contained in the Purchase Agreement which Wu is neither a signatory nor party to. However, because Wu actively participated in the state court litigation and propounded discovery before seeking arbitration, he forfeited any alleged arbitration rights under binding Florida law.[5]

3. Upon realizing the detrimental effect of Florida law on his efforts to compel arbitration in the class action (and before the state court could rule on the Motion for Arbitration), on April 24, 2023, Wu removed the class action to the District Court through the filing of his Petition (Doc 25-1 at 11), invoking the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), and its implementing legislation, 9 U.S.C. §§ 201-208 ("FAA"). "Wu's only basis for federal jurisdiction, as set forth in the notice of removal, [was] Section 205 of the FAA." (Doc 25-3 at 51).

4. On January 5, 2024, the District Court entered its Remand Order (Doc 25-3 at 39) which denied Wu's Petition, granted Appellee's Motion to Remand, and closed the case.

---

[5] *See Estate of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.*, 971 So.2d 811, 812-13 (Fla. 3d DCA 2007); *see also* Doc 30-2 at 10-11.

5. On January 8, 2024, the Clerk transmitted the Remand Order to the Miami-Dade Clerk of Court which was acknowledged on January 22, 2024. [D.E. 22, 23].

6. On February 5, 2024, Wu filed his Notice of Appeal, seeking partial review of Remand Order denying his Petition. (Doc 25-3 at 54).

7. On February 7, 2024, Wu filed his Motion for Stay Pending Appeal in the District Court (Doc 34-4 at 22), which Appellee opposed on February 8, 2024. [D.E. 26].

8. On February 20, 2024, Appellee moved to dismiss this appeal for lack of jurisdiction (Doc 11, 16), which is carried with the case. (Doc 22). The appeal is fully briefed. (Doc 23, 29, 31).

9. On June 10, 2024, the District Court entered a paperless order denying Wu's Motion for Stay Pending Appeal (Doc 34-4 at 30-31), stating that the District Court denied Wu's Petition and remanded the action to the state court "due to a lack of subject matter jurisdiction" and finding "it would be improper to issue any further orders in this case in light of the remand to state court and this Court's lack of subject matter jurisdiction", citing 28 U.S.C. § 1447(c). (*Id.*).

10. Two weeks later, on June 24, 2024, Wu filed its Motion for Stay Pending Appeal. (Doc 34-1).

B. **Activity in the State Court After Remand**

11. After the Remand Order was transmitted to and docketed in the underlying class action, thereby restoring jurisdiction in the state court, Appellee moved to set Wu's Motion for Arbitration for hearing.

12. Following a special set hearing held on May 22, 2024 before the state court, on June 14, 2024, Wu and Appellee submitted competing orders on Wu's Motion for Arbitration. No order has been entered to date.

**ARGUMENT AND CITATIONS TO AUTHORITY**

A. **The District Court Case Was Closed and Remanded to State Court**

13. "[T]he language of § 1447(c) is straightforward: once a certified copy of the order of remand is mailed to the clerk of the state court, '[t]he State court may thereupon proceed with such case.'" *Skiles v. CarePlus Health Plans, Inc.*, 2014 WL 5320135, at *3 (S.D.Fla. Oct. 16, 2014) (Bloom, J.) (quoting 28 U.S.C. § 1447(c)). Like Wu's Motion for Stay filed in and rejected by the District Court, Wu's Motion for Stay filed in this appeal is brought "with the simple goal of stripping the state court of jurisdiction—jurisdiction which [the District Court] has found to be proper. Acceding this request would necessarily involve an action contrary to § 1447(c)." *Id*. "An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*." 28 U.S.C. § 1447(d).

14. The District Court divested itself of jurisdiction and remanded the action on the basis that the arbitration clause contained in the Purchase Agreement was not "covered under" and did "not fall under the Convention." (Doc 25-3 at 51 n.5). Concluding that "compelling arbitration of Plaintiff's claims to be inappropriate under the Convention" because it lacked subject matter jurisdiction, the District Court granted remand and ordered the case to proceed in state court. (Doc 25-3 at 51).

15. The District Court reaffirmed its denial of Wu's Petition on jurisdictional grounds in its paperless order denying Wu's Motion for Stay. (Doc 34-4 at 30-31).

16. Wu does not provide or point to any authority which would allow the Court to reopen and stay the District Court case once the matter was remanded back to state court, where it has been pending since January 6, 2024.

17. Wu's Motion for Stay effectively asks this Court to claw back jurisdiction from the state court, reopen the District Court case, and then stay that action, in contravention of 28 U.S.C. §§ 1447(c)-(d). However, the Court should "give credence to the language of the statute, and the statute unequivocally indicates that once a remand is ordered and the letter is received by the state court, the state court may proceed with the case." *Skiles*, 2014 WL 5320135, at *3 (citing 28 U.S.C. § 1447(c)).

## B. The Court Lacks Jurisdiction under 9 U.S.C. § 16(a)(1)(c)

18. Wu's reliance on *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739 (2023) to assert that the Court is "mandated" to stay this case is misguided. (Doc 34 at ¶17). *Coinbase* is both distinguishable and inapplicable. The "central question underlying an appeal of a denial to compel arbitration is a question of 'whether the case belongs in arbitration or instead in the district court.'" *Georgia v. Clark*, 2023 WL 11796094, at *2 (N.D.Ga. Nov. 9, 2023) (Jones, J.) (citing *Coinbase*, 599 U.S. 741).

19. Unlike the controversy in *Coinbase*, Appellee's action was not originally filed in federal district court and does not separately invoke federal jurisdiction under 28 U.S.C. §§ 1331 or 1332. The *Coinbase* Court was concerned about the district court proceeding with a case where it already had established federal jurisdiction. However, here, the District Court divested itself of jurisdiction and no further activity will take place in that forum. *See Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 2017 WL 3841502, at *2 n.1 (S.D. Fla. June 9, 2017) (Middlebrooks, J.). The District Court did ***not*** retain jurisdiction over this matter. *See* Doc 25-3 at 51 ("Wu has not provided any additional basis for the Court to retain jurisdiction in the notice of removal"). Thus, *Coinbase* is inapposite. Because the District Court lacked subject matter jurisdiction over Wu's Petition from the onset, denial of Wu's motion to compel arbitration would never lead to "continuation of proceedings in the district court" thus making "the asserted benefits

of arbitration … irretrievably lost"—the main concerns of *Coinbase*. 599 U.S. at 743.

20. While 9 U.S.C. § 16(a)(1)(c) allows for an interlocutory appeal of an "order … denying an application under section 206 … to compel arbitration", it is predicated on the "court *having jurisdiction*" to begin with under 9 U.S.C. § 206 (emphasis added). Here, the District Court never had subject matter jurisdiction to compel arbitration of Appellee's claims. Wu "removed this case solely on the grounds that the Court has jurisdiction pursuant to the Convention to enforce the arbitration agreement." *Williams v. NCL (Bahamas) Ltd.*, 774 F.Supp.2d 1232, 1237 (S.D.Fla.2011), *rev'd and vacated,* 686 F.3d 1169 (11th Cir.2012), *withdrawn and vacated,* 691 F.3d 1301 (11th Cir.2012). Having concluded "that the arbitration clause in the Purchase Agreement does not meet all four factors required for an arbitration agreement to be covered under the Convention, as there is no agreement in writing within the meaning of the Convention, and no exceptions apply which could allow the nonsignatory defendant to compel arbitration", the District Court found remand was proper and denied Wu's Petition on jurisdictional grounds. (Doc 25-3 at 51; Doc 34-4 at 30-31).

21. Wu argues that failure to enforce an "automatic stay of district court proceedings" would render "Congress's decision in § 16(a) to afford a right to an interlocutory appeal … largely nullified." (Doc 34-1 at ¶19). Thus, Wu is essentially

arguing that 9 U.S.C. § 16(a)(1)(C) abrogates 28 U.S.C. § 1447(d). But again, Wu is mistaken in his reliance upon § 16(a)(1)(C). Section 206 provides that "[a] court *having jurisdiction* under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206 (emphasis added). Here, in contrast, the District Court never had jurisdiction to compel arbitration. In remanding the case back to state court, the District Court correctly concluded that the first jurisdictional requirement under *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir.2005)—"that there be an agreement in writing within the meaning of the convention—[was] not met." (Doc 25-3 at 45).

22. As this matter was not "[a]n action or proceeding falling under the Convention" under 9 U.S.C. § 203, it could not have "provide[ed] [the] federal court with removal jurisdiction" under 9 U.S.C. § 205. *See* Doc 25-3 at 43; *Mitchell-Hilton v. Celebrity Cruises, Inc.*, 2010 WL 11504312, at *3 (S.D.Fla. Mar. 26, 2010) (citing *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir.2002)) ("Because it is no longer 'conceivable that the arbitration clause will impact the disposition of the case,' Section 205 of the Convention Act no longer provides this Court with subject-matter jurisdiction and, as a result, this action must be remanded to state court"); *Watt v. NCL (Bahamas) Ltd.*, 2010 WL 2403107, at *3 (S.D.Fla. June 15, 2010) (Moreno, J.) ("Because the arbitration agreement is unenforceable, removal pursuant to the

Convention Act–the sole basis for removal–was not proper. The Court accordingly finds that remand is warranted").

23. There is no basis for the Court's exercise of jurisdiction over Wu's Motion for Stay because the District Court's denial of Wu's Petition "accompanied a remand for lack of subject matter jurisdiction." *Dahiya v. Talmidge Intern., Ltd.*, 371 F.3d 207, 210 (5th Cir.2004). "Any order remanding for lack of subject matter jurisdiction necessarily denies all other pending motions, for '[u]nless a federal court possesses subject matter jurisdiction over a dispute, ... any order it makes (other than an order of dismissal or remand) is void.'" *Id*. (quoting *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 674 (5th Cir.1994)).

24. "Motions to stay proceedings and to compel arbitration will be common if not universal in cases removed under § 205. Thus, in the vast majority of cases removed under § 205, an order of remand will be the effective equivalent of a denial of motions to stay proceedings and to compel arbitration. Recognizing appellate review of such remand orders under § 16 would circumvent § 1447(d) by affording review of remand orders issued in nearly every case removed under § 205. Section 205, by expressly invoking '[t]he procedure for removal of causes otherwise provided by law,' forecloses such a result." *Dahiya*, 371 F.3d at 210 (quoting 9 U.S.C. § 205); *see Alvarez v. Apollo Ship Chandlers, Inc.*, 2002 WL 31933666, at *1 (S.D.Fla. May 28, 2002) (Ungaro, J.) ("[G]eneral removal law applies to cases

which are removed under the Convention's removal provision because § 205 incorporates the 'procedure for removal of causes otherwise provided by law,' which means 28 U.S.C. §§ 1441–1452") (citing *In re Ocean Marine Mut. Prot. & Indem. Ass'n, Ltd.*, 3 F.3d 353, 356 (11th Cir.1993)); *see Thermtron Prods, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ("[I]n order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c)"); *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir.2011) ("Supreme Court clarified that § 1447(d) applies only to remand orders issued pursuant to § 1447(c), which deals with remands based on the district court's lack of subject matter jurisdiction over the removed case").

Because the District Court did not have subject matter jurisdiction to compel arbitration of Appellee's claims and remanded the case back to state court, without retaining or reserving jurisdiction over the Remand Order, Wu cannot utilize § 16(a)(1)(c) to circumvent § 1447(d) and stay the remanded state court action under Fed.R.App.P. 8. *See e.g., Bender*, 657 F.3d at 1204 (holding that "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case"); *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir.2003) ("[E]ven if we were convinced that Carnival is correct and that the district

court's decision is wrong, we are precluded by § 1447(d) from doing anything about it because the district court's action, right or wrong, was based on a timely § 1447(c) motion"); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir.1997) ("Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous"); *In re Loudermilch,* 158 F.3d 1143, 1145 (11th Cir.1998) ("Thus, if the district court remands a case based on reasons set forth in section 1447(c), no review may be had: whether the district court's decision was correct or not makes no difference").

C. **Appellee Will Suffer Undue Prejudice if the Court Revokes Jurisdiction from the State Court, Stays the Remand Order, and Unnecessarily Delays Adjudication of Appellee's State Court Claims**

25. Wu, as the party requesting the stay, carries the burden to establish that the requested stay promotes judicial economy *and* will not cause Appellee undue prejudice. *See e.g., Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1452-53 (11th Cir.1986). Wu does not address this issue, and therefore wholly fails to carry his burden to establish that the relief he requests is proper.

26. To be sure, Appellee and the Class initiated their state court action against Wu and Lam over 16 months ago. To date, Wu has completely failed to respond to the Amended Complaint in the state court forum. Wu has already delayed adjudication of Appellee's claims against him long enough. As noted in Appellee's

11

Amended Complaint, Appellee and the Class have suffered significant loss and damage in the tens of millions of dollars as a result of the complex fraud scheme orchestrated by Wu and Lam, thereby depriving over a hundred innocent EB-5 investors and their families of the opportunity for permanent residency in the United States under the federal EB-5 visa program, in addition to the millions of dollars stolen by Wu. Appellee, who risks deportation back to China along with his family, will continue to suffer harm if he and the Class are prevented from pursuing their state court remedies any longer.

27. Wu's true motivations are obvious. Wu's new Motion for Stay is specifically designed to stall entry of an order on Wu's Motion for Arbitration in the state court case, obstruct Appellee's efforts to engage in meaningful discovery, thwart an asset freeze under Florida Statute § 895.05(6) to seize the multi-million dollar settlement payout (which Wu continually attempts to secure premature distribution of from the Receiver notwithstanding the present order),[6] and ultimately impede Appellee's ability to bring finality to this case once and for all.

28. It is not as if Wu has no recourse against Appellee's state court claims. Wu can surely defend himself in the state court action, and the basis for Wu's

---

[6] *See* D.E. 8-50. Which cannot be modified until Wu's Motion for Arbitration in the state court case is resolved pursuant to Florida Statute § 682.03(6) ("If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration *until the court renders a final decision under this section*") (emphasis added).

12

dogmatic insistence that he should only be required to defend itself in an arbitration forum, relying on an arbitration agreement to which he is neither a party nor signatory to, is transparent. Through his numerous attempts to stall this case through baseless motion and appellate practice in an effort to shunt Appellee's claims into an arbitral forum, Wu hopes to conceal the evidence of his criminal actions from the public and evade the consequences of his conduct.

29. In the end, Wu carries the burden to establish why a stay is proper here and will not cause Plaintiff undue prejudice. Because Wu does not even address this, he has not satisfied that burden. "[T]he public interest in this case favors comity and federalism, which would not be served by issuing [a] … stay of the remand order." *Georgia*, 2023 WL 11796094, at *5.

**WHEREFORE**, for the reasons set forth herein, Appellee respectfully requests that the Court enter an order denying Wu's Motion for Stay (Doc 34), and for such other relief as deemed proper.

Dated: July 15, 2024                                  Respectfully submitted,

READ LAW PLLC                                         BARRY S. TURNER P.A.

By: /s/ *Alexis S. Read*                              By: */s/ Barry S. Turner*
Alexis S. Read, Esq.                                  Barry S. Turner, Esq.
Fla. Bar No. 98084                                    Fla. Bar No. 85535

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the word limit of Fed.R.App.P. 32(g)(1) because, excluding the parts of the document exempted by Fed.R.App.P. 32(f), this document contains 3,151 words, and that this document further complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024, I electronically filed the foregoing document under 11th Cir. Rule 25-3 using the Court's CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084